## PETERSON v. SCHMIDT.

CONTRACT IN PARTIAL RESTRAINT OF TRADE.

The vendor of a bakery who agreed not to go into business again within four squares of the old stand may be enjoined from carrying on such a business in his wife's name a few feet more than four squares distant.

HEARD ON APPEAL from the Court of Common Pleas.

This suit was to enjoin Schmidt from operating a bakery at 1900 Vine street. Schmidt sold the bakery at No. 113 Elder street to Peterson for $1,000, agreeing not to go into the business again within four squares of the old stand. The new business started by Schmidt at 1900 Vine street is carried on in the name of his wife by whom he claims to be employed. The common pleas court granted a perpetual injunction against a continuance of the new business by Schmidt.

SWING, J.

We do not think it will be in the interest of justice that the injunction granted by the court of common pleas should be suspended. The contract that the parties entered into should be construed so as to give effect to the instrument, and in doing this it should have a reasonable construction. Now, taking the most favorable view of defendant's claim, he would be engaged in the bakery business within a few feet of the four squares mentioned in the contract. This fact, taken together with the further fact that the business is claimed to be in the wife's name, while he himself is working for his wife, indicates that he is endeavoring

CIRCUIT COURTS.                                     203

t ɩ avoid the terms of his contract, and shows bad faith on his part, and such conduct does not commend itself to a court of equity.

The contract is not against public policy, the limitation is reasonable, and there is nothing to prevent the defendant from engaging in business at any place which in all reason is beyond the limitations to which he agreed in his contract, and for which he secured plaintiff's money.

*Joel C. Clore* and *Thos. L. Michie*, for Plaintiff.
*Von Seggern, Phares & Dewald, contra.*